# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY JACOBS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:12CV2101 SPM |
| | ) | |
| IAN WALLACE, et al., | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Before the Court is petitioner's motion for reconsideration of the Court's December 7, 2012 Memorandum and Order. Also before the Court is a document entitled "Supplemental Petition," filed on January 9, 2012.

### Procedural Background

Petitioner filed the instant lawsuit on November 5, 2012. Although styled as a habeas corpus action, after reviewing the petition and a motion filed by petitioner on December 6, 2012, the Court found in its December 7, 2012 Memorandum and Order that the case was best interpreted as a civil rights case brought pursuant to 42 U.S.C. § 1983. Accordingly, petitioner was ordered to amend his complaint on a Prisoner Civil Rights Complaint form, and he was ordered to either file a motion to pay the $350 filing fee or file a motion to proceed

in forma pauperis. To date, petitioner has failed to do either. Instead, petitioner has filed a motion for reconsideration of the Court's Memorandum and Order.

In his motion for reconsideration, petitioner objects to the Court's characterization of his action as a civil rights action brought pursuant to 42 U.S.C. § 1983. Petitioner insists that his action is best construed as a habeas corpus action under 28 U.S.C. § 2254. He argues that his case is cognizable as a habeas action because "the adverse government actions are collateral consequences of petitioners' sentences and constitute prison abuses and unnecessary overcrowded conditions in violations of the Violent Crime Control and Law Enforcement Act of 1994."

**Factual Background**

Petitioner pled guilty to kidnapping on December 15, 1995, in the Circuit Court of Jackson County, Missouri. He was sentenced to fifteen years' imprisonment.

On December 19, 1995, petitioner filed a pro se Rule 24.035 motion for post-conviction relief in the Circuit Court. On April 1, 1996, appointed counsel filed an amended motion. On May 1, 1996, the Circuit Court denied petitioner's motion without an evidentiary hearing. Petitioner appealed from that judgment. After the state filed a motion conceding the motion court erred in failing to

conduct an evidentiary hearing, the Missouri Appellate Court reversed and remanded the claim for an evidentiary hearing. On October 24, 1997, the Circuit Court once again denied relief to petitioner, after holding the required evidentiary hearings. Petitioner again appealed the denial of relief to the Missouri Court of Appeals, who upheld the Circuit Court's ruling.

Petitioner sought habeas corpus relief, pursuant to 28 U.S.C. § 2254, in the United States District Court for the Western District of Missouri on September 5, 2000. See Jacobs v. Purkett, No. 00-09-CV-W-2-P (W.D. Mo. 2000). His petition for relief was denied on May 9, 2001, and the judgment was upheld by the Eighth Circuit Court of Appeals on August 27, 2001. See Jacobs v. Purkett, No. 01-2592 (8th Cir. 2001).

On December 3, 2007, petitioner filed a second petition for habeas corpus in the Western District of Missouri. See Jacobs v. Dormire, No. 4:07CV897 GAF (W.D. Mo. 2007). In his application for habeas relief, petitioner did not seek to challenge his 1995 conviction and sentence for kidnapping, rather, he sought to "challenge his classification by the Missouri Department of Corrections under the 'Reclassification Grandfather Clause'" which he claimed violated his constitutionally protected rights. In his application for relief, petitioner argued: (1) the reclassification policy "unconstitutionally detains [petitioner] in custody

without probable cause for a fully expired sentence," and violates his due process rights; (2) application of the reclassification policy violates the Ex Post Facto Clause and the Due Process Clause; (3) petitioner has suffered acts of "retaliation" related to "seeking legal . . . and administrative relief," including physical abuse and harassment; (4) petitioner has been denied procedural due process while being detained in the administrative segregation unit; and (5) petitioner seeks a declaratory judgment, pursuant to 28 U.S.C. § 2241.

The District Court found that the reclassification statute was an issue of state, rather than federal, law, noting that a state issue does not become a federal issue merely by alleging a violation of due process. See Quinteros v. Hernadez, 419 F.Supp. 2d 1209, 1214 (C.D. Cal. 2006) (quoting Langford v. Day, 110 F.3d 1380, 1389 (9th Cir.1996)). The Court additionally found that the reclassification statute could not be called an ex post facto law because it did not impose punishment, nor prescribe additional punishment. See, e.g., Cummings v. Missouri, 71 U.S. (4 Wall) 277, 325-26, 18 L.Ed. 356 (1867). Further, the Western District found that petitioner's claims of "retaliation" and "procedural due process" violations were claims relating to conditions of confinement which were not cognizable under § 2254, but were instead more properly brought under 42

U.S.C. § 1983. Last, the Court found that petitioner's request for declaratory relief was entirely without merit.

The District Court's findings were upheld by the United States Court of Appeals for the Eighth Circuit on March 30, 2009. See Jacobs v. Dormire, No. 08-3666 (8th Cir. 2009).

**The Petition and Supplemental Pleadings**

In the instant application for writ of habeas corpus, in addition to his supplemental pleadings,[1] petitioner seeks to "challenge prison conditions because of extreme cases of conditions of confinement."

In his original petition, filed on November 5, 2012, petitioner states that he is "confined beyond the expiration of a fully expired sentence of ten (10) years for kidnapping; and, I am currently serving a fifteen (15) year consecutive sentence for kidnapping." Petitioner states four grounds for "relief": (1) "adverse government actions without government protections against extreme prison abuses violates rights"; (2) "widespread policies and custom practices of abuse, mistreatments, etc., jeopardizes my safety and life"; (3) "improper, illegal

---

[1] Petitioner has filed a motion "for this Court to take judicial notice of extreme cases of extraordinary circumstances of immediate and present imminent danger of serious harm to petitioner's life," as well as a document entitled "supplemental petition." Petitioner's motion for reconsideration also contains an explanation of his claims before the Court.

classification practices discriminates and deny equal protection of laws"; and (4) "denials of access to the offender grievance procedures is denial of access to the courts." Petitioner seeks the following relief: "Delay ruling until completion of discovery process; order records corrected for release from expired sentence; injunction; evidentiary hearing."

In an addendum to his petition, petitioner states that "[t]his petition presents a prison conditions case to challenge extreme conditions of confinements in violation of the constitution and laws of the United States."

On December 6, 2012, petitioner filed a "motion for this Court to take judicial notice of extreme cases of extraordinary circumstances of immediate and present imminent danger of serious harm to petitioner's life." In his motion, petitioner states that in the two months prior to the filing of his motion he was "denied" his legal property and materials during his stay in administrative segregation, after being told he needed to file a "qualified legal claim verification form" proving he had ongoing cases in state or federal court. Petitioner further asserts that he was being subjected to verbal harassment by third shift guards at SECC in violation of the "Ku Klux Klan Act" which "conspired to deprive him of his rights and privileges under the United States Constitution."

In his "supplemental petition" for writ of habeas corpus, petitioner asserts that he was not allowed to shower and shave prior to a parole hearing. Petitioner admits that he is residing in SECC's administrative segregation unit and that inmates in that unit are only allowed to shower three times per week on certain days of the week, during the evening shift, and that his hearing was scheduled in the early morning of one of the shower days. Nonetheless, petitioner believes he was denied a constitutional right, such that he should be afforded habeas relief, for being denied access to a shower prior to his parole hearing. Petitioner states that "respondent's adverse actions are campaigns of harassment to retaliate" and unlawfully extend sentences. Petitioner additionally asserts that respondent has used these same "tactics" to extend sentences and retaliate through use of the administrative segregation process. Petitioner states that on one occasion he was also denied medical treatment when he first requested the treatment.

## Discussion

In its December 7, 2012 Memorandum and Order, this Court clearly stated that petitioner's pleading, although styled as a habeas corpus action, was best interpreted as a civil rights case, brought pursuant to 42 U.S.C. § 1983.

As is noted from the Court's recitation of petitioner's litigation history, this is not the first time petitioner has tried to use the mechanism of habeas corpus to

pursue civil rights allegations. Petitioner may have styled his lawsuit as an application for writ of habeas corpus, but "the label placed on a petition, however, is not determinative." Royce v. Hahn, 151 F.3d 116, 118 (3rd. Cir. 1998). Although petitioner seeks relief by asking for release from prison, there is no connection between his access to courts claims, his claims for deliberate indifference to his serious medical needs, his claims for unconstitutional conditions of confinement and his claims for retaliation and the fact or duration of his confinement, which is the essence of habeas. Preiser v. Rodriguez, 411 U.S. 475, 484, 500 (1973).

> "[W]henever the challenge ultimately attacks the 'core of habeas' - the validity of the continued conviction or the fact or length of the sentence - a challenge. . .must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate."

Leamer v. Fauver, 288 F.3d 532, 542 (3rd Cir. 2002).

Petitioner's assertion that his sentence is being "unconstitutionally lengthened" by respondent is not really a claim that involving the duration of his sentence. A thorough reading of the petition and accompanying pleadings shows that what petitioner is essentially challenging are his stays in administrative segregation, his inability to access the grievance system and/or the accumulation

of conduct violations.  None of these have any bearing on the validity of his kidnapping conviction, nor would a favorable resolution of any of the aforementioned result in a speedier release from prison.  These claims are all challenges to the conditions of petitioner's confinement and are properly brought as civil rights actions.

In light of the aforementioned, petitioner's motion for reconsideration will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for reconsideration of the December 7, 2012 Memorandum and Order [Doc. #4] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk shall mail to petitioner a copy of the Court's form Prisoner Civil Rights Complaint.

**IT IS FURTHER ORDERED** that the Clerk shall mail to petitioner a copy of the Court's form Motion to Proceed in Forma Pauperis - Prisoner Cases.

**IT IS FURTHER ORDERED** that petitioner shall file an amended complaint on the Court-provided form within thirty (30) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that petitioner shall either pay the $350 filing fee or submit a motion to proceed in forma pauperis within thirty (30) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that if petitioner submits a motion to proceed in forma pauperis, he must also submit a certified copy of his prison account statement for the six-month period immediately preceding the filing of his complaint.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Memorandum and Order, the Court will dismiss this action without prejudice. If the case is dismissed, the dismissal will not constitute a "strike" under 28 U.S.C. § 1915(g).

Dated this <u>6th</u> day of February, 2013.

/s/Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE